

which elements of the conversation were improperly excluded, and we are unable to find any offer of proof in the record. Thus, there is no showing that the statements were relevant, necessary to explain evidence previously admitted, or that the statements would not be prejudicial. Because of the foregoing, we find no error on this point.

██ Finally, the defendant urges that there was a denial of proper pretrial discovery of the plaintiffs. However, the record indicates that the defendant took the deposition of the plaintiff, Bruno Zadura. Indeed, it appears that portions of his deposition were read into the record for impeachment purposes. The deposition of Mrs. Zadura was not taken. When this suit was filed she was a named party, but only because plaintiff was a minor, and she brought this action as his next friend. Prior to the time for trial the complaint was amended and Bruno became the sole plaintiff. Mrs. Zadura was not an occurrence witness; hence, the failure to obtain her deposition was not an error of substance.

Judgment affirmed.

STAMOS, P. J., and LEIGHTON, J., concur.

ROBER A. SCHLUTER, Plaintiff Counter-Defendant-Appellant, *v.* AILEEN SCHLUTER, Defendant Counter-Plaintiff-Appellee.

(No. 71-73; 

Second District—May 31, 1972.

Opinion by Mr. JUSTICE GUILD.

Bianco & Szygowski, of Chicago, for appellant.

Rinella & Rinella, of Chicago, (Samuel A. Rinella, of counsel,) for appellee.